JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9340 PA (JCx) | Date | January 14, 2022 |
|---|---|---|---|
| Title | Jorge Rodriguez v. Nissan North America, Inc. et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

The Court has reviewed the response filed by defendant Nissan North America, Inc. ("Nissan") to the Order to Show Cause on why this action should not be remanded based on joinder of a non-diverse defendant after removal. See 28 U.S.C. § 1332. Nissan's Notice of Removal alleges that plaintiff Jorge Rodriguez ("Plaintiff") is a citizen of California and that Nissan is a Delaware corporation with its principal place of business in Tennessee. Plaintiff's First Amended Complaint ("1st AC") adds John Meyer ("Meyer"). Nissan does not challenge the state of California as the citizenship of Meyer and argues that this action should not be remanded because Plaintiff is: (1) forum shopping; (2) Plaintiff's claim against Meyer fails as a matter of law because it is barred by California's Economic Loss Rule; and (3) Plaintiff fails to allege that Meyer repaired the Subject Vehicle. Nissan further requests that the Court dismiss Plaintiff's sixth cause of action, a claim of negligence against Meyer, without prejudice.

If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court. 28 U.S.C. § 1447(e). Congress added subsection (e) to § 1447 with the express purpose of taking advantage of the opportunity opened by removal from a state court to permit remand if a plaintiff seeks to join a diversity-destroying defendant after removal. See Khoshnood v. Bank of Am., 2012 U.S. Dist. LEXIS 30625, at *4 (C.D. Cal. Mar. 6, 2012) (citing H.R.Rep. No. 889, 100th Cong., 2d Sess. 72-73, reprinted in 1988 U.S.C.C.A.N. 6033). Under § 1447, whether to permit joinder of a party that will destroy diversity jurisdiction remains in the sound discretion of the court, and will be reviewed under an abuse of discretion standard. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 691 (9th Cir. 1998); Palestini v. General Dynamics Corporation, 193 F.R.D. 654, 658 (C.D. Cal. 2000).

In evaluating whether to permit or deny diversity-destroying joinder, the district court may consider: (1) whether the party could be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude the plaintiffs from bringing an action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9340 PA (JCx) | Date | January 14, 2022 |
|---|---|---|---|
| Title | Jorge Rodriguez v. Nissan North America, Inc. et al. | | |

against the new defendants in state court; (3) whether there has been an unexplained delay in seeking joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) the merits of the claims against the new defendants; and (6) the potential for prejudice. See IBC Aviation Servs., Inc. v. Compañia Mexicana de Aviacion, S.A., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (collecting cases); see also Newcombe, 157 F.3d at 691 (holding that evaluation of joinder under § 1447(e) requires the district court to "balance the equities" and consider the potential for prejudice to both parties).

Defendant argues that Plaintiff's amendment is made solely for the purpose of destroying diversity. Although the addition of Meyer defeats diversity jurisdiction, Plaintiff appears to have at least a colorable claim for relief against Meyer based on the allegations in the 1st AC. Nor can the Court conclude on this record that Plaintiff would not be afforded leave to amend his complaint to cure any purported deficiencies. Thus, the addition of Meyer as a defendant is justifiable. See IBC, 125 F. Supp. 2d at 1012. Moreover, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." IBC, 125 F. Supp. 2d at 1012; see also Trotman v. United Parcel Serv., No. C-96-1168-VRW, 1996 WL 428333, at *1 (N.D. Cal. Jul. 16, 1996).

In assessing additional factors, the Court notes that this action is in the early stage of the proceedings because it was only recently removed to this Court. Plaintiff's 1st AC was filed less than three months after filing of the original complaint in Superior Court, and less than a month after removal. Further, no trial and pretrial dates have been set and discovery has not yet begun. In light of the commencement of this action in October 2021, Plaintiff has not engaged in substantial delay in seeking amendment. Additionally, Nissan has not identified sufficient prejudice beyond a preference for a federal forum. Here, remanding the action would serve the legitimate purpose of conserving litigant and judicial resources by allowing for presentation of any overlapping facts of Plaintiff's various claims in a single action. Moreover, the Court notes that § 1447 provides parties the opportunity to alter the character of their cases in such a way that the Court's subject matter jurisdiction is likely to be impacted.

For the foregoing reasons, the Court concludes that the overall balance of equities favors remand of this action. Because the parties named in the 1st AC are not diverse, the Court remands this action to Los Angeles Superior Court, Case No. 21LBCV00565, for lack of subject matter jurisdiction. See 28 U.S.C. §§ 1447(c) & (e). The Court denies Nissan's request to dismiss Plaintiff's sixth cause of action as moot.

IT IS SO ORDERED.